ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 APR 17 P 2: 48
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| ADRIAN BERNARD RILEY, ) | |
| Plaintiff, ) | |
| v. ) | CV 311-102 |
| GEORGIA DEPARTMENT OF ) CORRECTIONS, et al., ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Rogers State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Before moving on to the factual allegations at issue in this case, the Court will clarify which of Plaintiff's various complaints it will screen. After Plaintiff filed his original

---

[1] Although he is currently incarcerated at Rogers State Prison, Plaintiff's claims concern events that allegedly occurred at Wheeler Correctional Facility ("WCF") in Alamo, Georgia.

complaint and was granted permission to proceed IFP, he filed his first amended complaint, which concerned the same events alleged in his original complaint. (Doc. no. 9.) At that point, the amended complaint superseded the original complaint and became the operative pleading in this case. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) ("[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (quoting Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006))); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

Thereafter, without requesting permission, Plaintiff filed a second amended complaint, which concerns the same events as the previous complaints but omits several persons previously named as Defendants and names one additional Defendant. (See doc. no. 15.) Notably, pursuant to Federal Rule of Civil Procedure 15(a), a party may only amend his pleading once as a matter of course. Therefore, Plaintiff's second amended complaint was improperly filed and will not receive consideration.[2] As a result, Plaintiff's amended complaint (doc. no. 9) remains the operative pleading in this case, and it is that document the Court will now screen.

---

[2]If the Court were to construe Plaintiff's second amended complaint as a motion to amend, the motion would be denied for futility because the second amended complaint fails to state a claim upon which relief may be granted for the same reasons set forth below with regard to Plaintiff's amended complaint. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))).

2

# I. SCREENING OF AMENDED COMPLAINT

## A. BACKGROUND

Plaintiff names the following Defendants in his amended complaint: (1) the Georgia Department of Corrections ("GDOC"); (2) Health Care Services Utilization Management; (3) Ralph Kemp, the Warden of WCF; (4) H. Vaughn, a nurse at WCF; (5) FNU Troop, a nurse at WCF; (6) FNU Rodriguez, the Deputy Warden of Care and Treatment at WCF; (7) Nathan Deal, the Governor of Georgia; (8) Brian Owens, the Commissioner of the GDOC; and (9) Cedric Taylor, the Warden of Jimmy Autry State Prison. (Doc. no. 9, p. 1.)

Plaintiff alleges that on August 21, 2010, he experienced sharp stomach pain and was taken to WCF's medical unit, where he was seen by Defendant Vaughn. (Id. at 2.) According to Plaintiff, Defendant Vaughn told him that he had "mess[ed] up her Saturday night" by reporting to the medical unit during her shift. (Id.) Plaintiff further alleges that Defendant Vaughn "documented false vital signs and gave [him] some malox and a zantac for [his] pain." (Id.) Plaintiff reports that he continued to suffer stomach pain for approximately a week before he was seen again in the medical unit, at which time a different nurse determined that Plaintiff needed emergency care. (Id.) Plaintiff states that he was taken to an outside medical facility at that time, where his appendix ruptured and he had to undergo surgery. (Id.)

Plaintiff claims that, when he initially reported to the medical department complaining of stomach pain, Defendant Vaughn failed to give him a "proper examination" and failed to accurately diagnose his condition, which caused him pain and necessitated surgery a week later. (Id.) Plaintiff also asserts that unidentified members of the medical staff at WCF should have ensured that he was seen "by a P.A. or M.D." sooner in light of his continued

3

complaints of stomach pain. (Id.) Plaintiff seeks an award of monetary damages and unspecified injunctive relief. (See id. at 2-4.)

### B. DISCUSSION

#### 1. Defendants Not Named in the Amended Complaint

As noted previously, Plaintiff's amended complaint is the operative pleading in this case, as the original complaint has been superseded and the second amended complaint was improperly filed. See Pintando, 501 F.3d at 1243; Lowery, 483 F.3d at 1219. Upon review of the amended complaint, the Court finds that Plaintiff fails to name the following Defendants named in his other, non-operative pleadings: (1) Cassey Cagle; (2) Thurbert Baker; (3) Thurman L. Henderson; (4) Steve Upton; and (5) ""John Doe Health Care Service Inc." (See doc. no. 9.) As Plaintiff fails to name in the caption or describe in the body of the amended complaint any actions taken by these Defendants, they should be dismissed from this lawsuit.

#### 2. Failure to Allege Facts Concerning Multiple Defendants

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's amended complaint fails to state a claim against Defendants Kemp, Troop, Rodriguez, Deal, Owens, Taylor, GDOC, and Health Care Services Utilization Management.

Of note, Plaintiff does not mention these Defendants aside from naming them as Defendants in the caption and the "Parties" section of the amended complaint. (See id. at 1.) However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional

4

deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between an alleged unconstitutional deprivation and the actions of Defendants Kemp, Troop, Rodriguez, Deal, Owens, Taylor, GDOC, and Health Care Services Utilization Management, Plaintiff fails to state a claim for relief against these Defendants.

Moreover, Plaintiff's allegations against these Defendants are inadequate to the extent that he is attempting to hold them responsible for the acts of lower level prison officials, including Defendant Vaughn.[3] "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, employers and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D.

---

[3]In any event, as discussed below, the Court finds that Plaintiff's amended complaint fails to state a viable § 1983 claim against Defendant Vaughn. See infra Part II.B.3.

5

Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, Plaintiff does not allege that these Defendants actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between these Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act

---

[4]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

6

unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to these Defendants. Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Defendants Kemp, Troop, Rodriguez, Deal, Owens, Taylor, GDOC, and Health Care Services Utilization Management, and they should be dismissed from this case.

### 3. Failure to State a Claim Against Defendant Vaughn for Deliberate Indifference to a Serious Medical Need

Turning to the sole substantive claim Plaintiff attempts to assert, the Court finds that the amended complaint fails to state a viable § 1983 claim against Defendant Vaughn for deliberate indifference to a serious medical need.

"The Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs." Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Claims of deliberate indifference to serious medical needs are evaluated under a two-prong test. First, based on an objective standard, the alleged medical problem must be "sufficiently serious"; second, the defendant must have subjectively acted with "deliberate indifference" to the inmate's health or well-being. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Thomas v. Bryant, 614 F.3d 1288, 1304.

To state a claim for deliberate indifference that violates the Eighth Amendment, the facts alleged must demonstrate "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Goebert v. Lee County, 510 F.3d 1312, 1326-27 (11th Cir. 2007); see also Farmer, 511 U.S. at 837. To state

7

the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; Thomas, 614 F.3d at 1304 (explaining that the deliberate indifference standard requires a prison official to have disregarded an excessive risk of which he was actually aware).

Furthermore, to state a valid deliberate indifference claim, a plaintiff must allege medical care that is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). The Eleventh Circuit has held that allegations of an intentional refusal to provide care, cursory care in light of a severe medical risk, or a delay in access to care that is essentially a wanton infliction of pain may suffice in this regard. Id. at 1543-44. Allegations of mere negligence or malpractice, in contrast, do not amount to deliberate indifference. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not give rise to a valid claim of deliberate indifference. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*); Adams, 61 F.3d at 1546; Harris, 941 F.2d at 1505; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

Here, Plaintiff does not allege a denial of treatment when he reported to WCF's medical unit on August 21, 2010. Rather, he attempts to recover for injuries he allegedly suffered because Defendant Vaughn failed give him a "proper examination" and failed to accurately diagnose him with appendicitis when she saw him on August 21st for complaints

8

of stomach pain. (See doc. no. 1, pp. 1-2.) He also claims that unidentified persons within the medical unit failed to recognize that he should have been seen by a physician's assistant or medical doctor prior to his referral to an outside facility on August 28, 2010. In other words, Plaintiff asserts that Defendant Vaughn negligently failed to diagnose his appendix condition based on his complaints of stomach pain, and he disagrees with the judgment of the WCF medical staff as to when he should have been referred for follow-up care with higher level medical personnel.

Unfortunately for Plaintiff, allegations of negligence and disagreement with a course of treatment are insufficient to state a valid claim of deliberate indifference. Harris, 941 F.2d at 1505; Waldrop, 871 F.2d at 1033; see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Furthermore, Plaintiff's allegation that unidentified members of the WCF medical staff should have referred him for follow-up care sooner fails to demonstrate a causal connection between an alleged constitutional deprivation and a "particular person" acting under color of state law. LaMarca, 995 F.2d at 1538; see also Douglas, 535 F.3d 1321-22. Therefore, Plaintiff fails to state a viable § 1983 claim for deliberate indifference to a serious medical need. Because this is the only claim Plaintiff attempts to assert, his amended complaint should be dismissed in its entirety.

## II. MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

At the time he filed his original complaint, Plaintiff also filed two motions for preliminary injunctive relief seeking, *inter alia*, an order from the Court regarding his medical

care.[5] (Doc. nos. 3, 4.) Because Plaintiff's amended complaint should be dismissed for the reasons set forth above, these motions for preliminary injunctive relief should be **DENIED AS MOOT.**

Furthermore, even if Plaintiff's motions for preliminary injunctive relief were not moot, they would still be subject to denial. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not attempted to satisfy any of these four factors. Moreover, as explained above, Plaintiff has not stated a viable § 1983 claim for deliberate indifference to

---

[5]While one of these motions is titled "Petition for Mandamus," the Court construes that motion as a request for preliminary injunctive relief in light of the apparent request for immediate equitable relief related to Plaintiff's claims. See Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) (approving practice of looking beyond the title of a document in order to properly analyze its substance). In any event, the Court notes that Plaintiff is not entitled to federal mandamus relief, which "is available only to 'compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff,'" not to direct state officials, such as Defendants, in the performance of their duties. Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) (quoting 28 U.S.C. § 1361).

a serious medical need. Thus, he has fallen well short of demonstrating a substantial likelihood of success on the merits of such a claim, which is a requisite element for establishing entitlement to preliminary injunctive relief. See All Care Nursing Serv., Inc., 887 F.2d at 1537. As a result, Plaintiff's motions for preliminary injunctive relief are without merit in addition to being moot.

III. **CONCLUSION**

In sum, the Court **REPORTS** and **RECOMMENDS** that the following Defendants be **DISMISSED** from this case: Defendants Cagle, Baker, Henderson, Upton, "John Doe Health Care Service Inc.," Kemp, Troop, Rodriguez, Deal, Owens, Taylor, GDOC, and Health Care Services Utilization Management. The Court further **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED**, that Plaintiff's motions for preliminary injunctive relief be **DENIED AS MOOT** (doc. nos. 3, 4), and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of April, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

11